UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. CARNAZZA d/b/a SEQUEGEN COMPANY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SEQUEGENE, INC.,<br>　　　　　　　　Defendant. | Civil Action No.<br><br>**05-40122 FDS** |

## COMPLAINT

Plaintiff, James A. Carnazza d/b/a Sequegen Company (hereinafter referred to as "Sequegen" or the "Plaintiff"), by his attorneys, Dale C. Kerester, Esq., of the firm of Lynch, Brewer, Hoffman & Fink, LLP, and William E. O'Brien, Esq., of the Law Office of William E. O'Brien, for his complaint against Defendant, Sequegene, Inc. (hereinafter referred to as "Sequegene" or the "Defendant"), alleges as follows:

### INTRODUCTION

1. This is an action in law and equity for trademark infringement, trade name infringement, false designation of origin and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition under Mass. Gen. Law c. 93A, and the common law. As set forth below, Plaintiff provides dna sequencing services nationwide. Defendant, a competitor, provides identical services using a name that is almost identical to Plaintiff's. Upon information and belief, Defendant is promoting, marketing, offering for sale and selling these services in an effort to mislead and confuse prospective purchasers and to falsely designate the source of origin of their services. Upon information and belief, Defendant's actions are part of a deliberate attempt to divert sales away from Plaintiff. These actions will continue unless enjoined by this Court.

RECEIPT # 404619
AMOUNT $ 250.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ✓
BY DPTY. CLK. S Jones
DATE 7-27-05

## PARTIES

2. James A. Carnazza d/b/a Sequegen Company is a sole proprietor having an address and principal place of business at 500 West Boylston St. Worcester, Massachusetts 01606.

3. Upon information and belief, Sequegene, Inc., is a California corporation having an address and principal place of business at 11526 Sorrento Valley Road, Suite B2, San Diego, California 92121.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO THE COUNTS

6. Since September 14, 1992, Sequegen has used the term SEQUEGEN in connection with its dna sequencing services. Since adopting the term, Sequegen has used the term SEQUEGEN as its trade name, service mark and Internet domain name nationwide. Sequegen has marketed these services throughout the United States via the Internet at www.sequegen.com and by other means of marketing.

7. Upon information belief, Sequegen's trade name, trademark and/or the distinctive trade dress displayed on Sequegen's website are inherently distinctive to the public, and serve primarily as a designator of origin of services emanating from or sponsored or licensed by Sequegen.

8. Sequegen's website bears a distinctive trade dress, which consists of the overall appearance of the trademark SEQUEGEN, artwork, and design reflected on the home page of the website.

9. Upon information and belief, the use of the trade name and trademark SEQUEGEN and/or the distinctive trade dress displayed on Sequegen's website are inherently distinctive to the public, and serve primarily as a designator of origin of services emanating from or sponsored or licensed by Sequegen.

10. As a result of the widespread use and display of the "SEQUEGEN" trademark and trade dress, (a) the public and the trade use them to identify and refer to Sequegen's services, (b) the public and the trade recognize that such designations refer to a high quality services emanating from a single source, and (c) said trademark, trade name and related trade dress have built up secondary meaning and extensive goodwill.

11. Upon information and belief, in 2003, notwithstanding Plaintiff's prior rights in its term SEQUEGEN and in the internet domain name www.sequegen.com, Sequegene adopted the virtually identical term SEQUEGENE to designate its dna sequencing services. The trademark SEQUEGENE is currently displayed on Sequegene's website. The trademark SEQUEGENE is virtually identical to Sequegen's trademark. The only difference between the marks is the addition of the letter "e" at the end of the term SEQUEGEN.

12. Upon information and belief, Sequegene provides services identical to Sequegen's under the name SEQUEGENE in the same geographic locations, including Massachusetts. Sequegene is also marketing its services via the internet at www.sequegene.com and by other means of marketing.

13. Upon information and belief, Sequegen's service and Sequegene's services are sold in the same channels of trade in this district and elsewhere.

14. In 2005, Sequegen, became aware of Sequegene when one of Sequegen's customers, located in Cambridge, Massachusetts, confused Sequegene with Sequegen. Upon information and belief, the customer had mistakenly hired Sequegene to render services that it had intended to be rendered by Sequegen. Since becoming aware of actual consumer confusion between Sequegen's and Sequegene's trademarks, Sequegen has become aware of other instances of actual confusion.

15. On June 9, 2005, Sequegen, acting through counsel, sent a cease and desist letter to Sequegene detailing the allegations contained herein and demanding, *inter alia*, that Sequegene cease use of its infringing trademark Sequegene. A copy of this letter is attached hereto as Exhibit 1.

16. On July 7, 2005, Sequegene, acting through counsel, sent a letter to Sequegen's counsel denying the material allegations of Sequegen's initial cease and desist letter and refusing to cease use of the term SEQUEGENE complained of herein. A copy of this letter is attached hereto as Exhibit 2.

17. Sequegene's actions as alleged in connection with the use of trademark SEQUEGENE on or in connection with goods and services is intended to, and is likely to cause confusion, mistake or deception as to the source of origin of Sequegen's goods and services in that the public, the trade and others are likely to believe Sequegene's goods and services are the same as Sequegen's goods and/or services, or are authorized, sponsored or approved by Plaintiff, or are otherwise affiliated or connected with Plaintiff and/or their valuable trademarks and trade dress.

18. Sequegene's actions as alleged have caused, and will continue to cause irreparable harm to Plaintiff and their valuable trademarks and trade dress, and to the business and substantial goodwill represented thereby, and said acts and damage will continue unless restrained by this Court.

## COUNT ONE
## TRADEMARK INFRINGEMENT AND
## FALSE DESIGNATION OF ORIGIN

19. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 18 as though fully set forth herein.

20. Sequegene's acts as alleged constitute trademark infringement, false designation of origin, false representation and false description in violation of the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a), all to the substantial and irreparable injury of the public and of Plaintiff's business reputation and goodwill.

21. In view of the association by the public of the term SEQUEGEN, and the Internet domain name www.sequegen.com with Sequegen and its services, Sequegene's use of the term SEQUEGENE and the internet domain name www.sequegene.com for identical or closely related services is causing and is likely to cause confusion, mistake, and deception of the relevant public as to whether Sequegene's services emanate from, or are sponsored or approved by, Sequegen.

22. The conduct of Sequegene complained of herein constitutes common law service mark infringement, trade name infringement and unfair competition, all of which has damaged and will continue to damage irreparably Sequegen's valuable goodwill unless enjoined by this court.

## COUNT TWO
## TRADE DRESS INFRINGEMENT

23. Plaintiff repeats and re-alleges each and every allegation of paragraphs 1 through 22 as though fully set forth herein.

24. Sequegene's unauthorized use of a trade dress on its website is confusingly similar to the trade dress used by Sequegen on is website and constitutes

trade dress infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, to the substantial and irreparable injury of the public and of Sequegen's business reputation and goodwill.

25.  Upon information and belief, by such wrongful acts, Sequegene has and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Sequegen and to the goodwill associated with its distinctive trade dress, including diversion of customers, lost sales and lost profits.

## COUNT THREE
## UNFAIR COMPETITION

26.  Sequegen repeats and re-alleges each and every allegation of paragraphs 1 through 25 as though fully set forth herein.

27.  Sequegene's aforementioned acts constitute unfair competition and unfair or deceptive acts or practices in violation of the Mass. Gen. Law c. 93A, Section 2.

28.  Sequegen has been damaged by Sequegene's aforementioned acts.

## COUNT FOUR
## COMMON LAW UNFAIR COMPETITION

29.  Sequegen repeats and re-alleges each and every allegation of paragraphs 1 through 28 as though fully set forth herein.

30.  Sequegene's aforementioned acts constitute unfair competition under the common law.

31.  Sequegen has been damaged by Sequegene's aforementioned acts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for an order of the Court:

A.  Granting a preliminary and permanent injunction restraining Sequegene, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with it, from:

  i) using the term SEQUEGENE or any similar variation thereof;

  ii) using the domain name www.sequegene.com and any similar variation thereof.

B.  Directing Sequegene to use its best efforts to recall from the trade and other third parties any and all infringing goods and to cease any marketing, advertising and promotional materials using the term SEQUEGENE;

C.  Directing Sequegene to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action, a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Sequegene has complied with the injunction;

D.  Directing Sequegene to deliver up to Sequegen for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing goods and any promotional, marketing, advertising, and promotional materials used in connection with the sale or marketing of any goods or services, now or hereafter in its possession, custody or control;

E.  Directing Sequegene to account to Sequegen for any and all profits derived by Sequegene from the sale of goods or services bearing the infringing trademark and trade dress;

F.  Awarding Plaintiff a monetary judgment against Sequegene for Plaintiff's damages and Sequegene's profits pursuant to 15 U.S.C. § 1117;

G. Trebling the amount of such award on account of Sequegene's willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117 and Mass. Gen. Law c. 93A;

H. Awarding Plaintiff its reasonable attorneys' fees, costs and disbursements incurred herein in view of Sequegene's intentional and willful infringement, pursuant to 15 U.S.C. § 1117 and Mass. Gen. Law c. 93A; and

I. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JAMES A. CARNAZZA D/B/A SEQUEGEN COMPANY
By his Attorneys

Dale C. Kerester, BBO #548385
Lynch, Brewer, Hoffman & Fink LLP
101 Federal Street, 22nd Floor
Boston, MA 02110
(617) 951-0800
dkerester@lynchbrewer.com

Of Counsel:
William E. O'Brien, Esq.
Law Office of William E. O'Brien, Esq.
363 Bailey Road
Holden, MA 01520
(508) 829-5185
william@masstechlawyer.com

Dated: July 25, 2005

*Law Office of*
*William E. O'Brien, L.L.M.*

363 Bailey Road, Holden, MA 01520

WILLIAM E. O'BRIEN
PETER H. BURKARD
*OF COUNSEL*

June 9, 2005

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Lily Chen
Sequegene, Inc.
3073 Racetrack View Dr.
Del Mar, CA 92014

Re: Sequegen Company v. Sequegene, Inc.

Dear Ms. Chen:

We represent Jim Carnazza owner of the Sequegen Company ("Sequegen") of Worcester, Massachusetts, and owner of a federal trademark application for the mark "SEQUEGEN" serial number 78/634 597, for "DNA sequencing services," submitted May 23, 2005 (the "Mark"). A copy of the filing particulars is enclosed.

As reflected in the application, our client has used the Mark since at least September 14, 1992. Our client has used the mark in interstate commerce since that at least as early as September 14, 1992. Also, our client has used the tradename "SEQUEGEN" since at least the same date of September 14, 1992.

We understand that your company was formed February 20, 2003, more than ten years

| *In the United States:* | Telephone: (508) 829 - 5185 · | Email: william@masstechlawyer.com |
| | | Website: www.masstechlawyer.com |
| *In Germany:* | Telephone: (0421) 203 - 1285 · | Email: wobrien@usrechtsanwalt.de |
| | | Website: www.usrechtsanwalt.com |

Ms. Lily Chen
Sequegene, Inc.

June 9, 2005
Page 2

afer our client commenced use of the term SEQUEGEN. Our client's use of the term SEQUEGEN clearly predates your use of the term SEQUEGENE.

Our client became aware of Sequegene, Inc.'s ("Sequegene") use of the term SEQUEGENE when Sequegen received a check for services rendered from one of its client's and the client advised him that the check was intended for Sequegene. The client advised that this confusion arose because he thought that he had hired Sequegen and therefore made the check out to Sequegen. The client did not know that there was also a Sequegene.

Likewise, another client of SEQUEGEN'S sent a SEQUEGENE DNA Sequencing Order Form to Sequegen on or about May 24, 2005. The client understood that the Order Form was for services to be provided by SEQUEGEN.

It is not difficult to see why there is confusion in the marketplace. The tradenames and trademarks are almost identical. The services provided by both companies under the respective marks are identical.

It is apparent that your use of an almost identical tradename/trademark in connection with the services identical to Sequegen's that this use is causing confusion in the marketplace. Therefore, on behalf of our client, we demand that you cease use of the term Sequegene both as a tradename and as a trademark immediately.

If we do not receive confirmation of your abandonment of the mark within two weeks of the date of this letter, our client is prepared to avail itself of all legal options to protect its valuable property.

Sincerely,

/s/

William E. O'Brien

Enclosure

# Knobbe Martens Olson & Bear LLP
Intellectual Property Law

550 West C Street
Suite 1200
San Diego CA 92101
Tel 619-235-8550
Fax 619-235-0176
www.kmob.com

AnneMarie Kaiser
akaiser@kmob.com

July 7, 2005

<u>VIA EMAIL AND CERTIFIED MAIL</u>

William E. O'Brien
LAW OFFICE OF WILLIAM E. O'BRIEN
363 Bailey Road
Holden, MA 01520

Re: Sequegen Company
Our Reference: SEQUG.001TIS

Dear Mr. O'Brien:

This firm represents Sequegene, Inc. with respect to its intellectual property matters. Your letter of June 9, 2005 to Ms. Lily Chen of Sequegene, Inc. has recently been referred to us for a response.

You indicate that your client, Jim Carnazza, has recently filed a federal trademark application to register the mark SEQUEGEN in connection with "DNA sequencing services." As you must appreciate, until your client's federal registration actually issues, the pending application does not convey any substantive trademark rights upon your client. In addition, neither application for nor registration of a mark at the federal level wipes out the prior non-registered, common law rights of others.

At this point, your client has only common law rights in its SEQUEGEN mark. You claim that your client began using the SEQUEGEN mark as of September 1992. It appears this use began in Massachusetts. My client adopted its SEQUEGENE mark in good faith, without any knowledge of your client's mark, in early 2003 in California. It does not appear that your client had achieved nationwide recognition of its mark at the time of my client's adoption of its mark. Thus, this seems to be a case involving the common law rules regarding remote geographical use of a trademark. As you may know, the United States Supreme Court has held that mere priority of appropriation of a mark does not give rights to prevent use by a good faith and innocent user in a remote geographical area. *Hanover Star Milling Co. v. Metcalf*, 240 U.S. 403, 60 L. Ed. 713, 36 S. Ct. 357 (1916), (the "Tea Rose" case). In later cases it has been held that the good-faith junior user is entitled to injunctive relief against the senior user if the senior

**Knobbe Martens Olson & Bear LLP**

William E. O'Brien
July 7, 2005
Page -2-

user attempts to enter the remote market area where the junior user has built up trademark rights in good faith. Thus, it would appear that your client has no basis for demanding that my client immediately stop all use of its SEQUEGENE mark, as you fail to recognize the important common law rights acquired by my client by over two years continuous use of its mark.

As you will appreciate, both my client and yours do have an interest in using and protecting marks that do not cause confusion in the marketplace. Thus, my client is willing to discuss an amicable settlement of this matter. However, because of its common law rights as a good faith user of the SEQUEGENE mark, my client does not intend to stop its use of the mark at this time.

We hope that your client is willing to entertain a mutually satisfactory resolution of this matter. Please contact me at your convenience to discuss this matter further.

Very truly yours,

AnneMarie Kaiser

cc:   Long T. Wen, Sequegene, Inc.

1803315
070705

```
JS 44                Case 4:05-cv-40122-FDS    Document 1     Filed 07/26/2005    Page 13 of 14
(Rev. 3/99)                                                        05-40122
                                    CIVIL COVER SHEET
```

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
James A. Carnazza d/b/a
Sequegen Company

### DEFENDANTS
Sequegene, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Dale C. Kerester, Lynch, Brewer,
Hoffman & Fink, LLP, 101 Federal Street
Boston, MA 02110   (617) 951-0800
dkerester@lynchbrewer.com

ATTORNEYS (IF KNOWN)  akaiser@kmob.com
AnneMarie Kaiser, Esq.
Knobbe Martens Olson & Bear LLP
550 West C Street, Suite 1200
San Diego, CA 92101 (619) 235-8550

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
This is an action in law and quity for trademark infringement, false designation of origin and trade dress infringement under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), and unfair competition under M.G.L. c. 93A and the common law

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ injunctive relief, damages and attorneys fees
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☒ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: July 25, 2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG. JUDGE ____

**05-40122**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   James A. Carnazza d/b/a Sequegen Company v. Sequegene, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ] I.  160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [X] II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, (840*) 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   [ ] IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   [ ] V.  150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [X]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Dale C. Kerester, Esq.
ADDRESS   Lynch, Brewer, Hoffman & Fink, LLP, 101 Federal Street, Boston, MA 02110
TELEPHONE NO.   (617) 951-0800

(CategoryForm.wpd - 5/2/05)